UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
YVONNE DOWNIE,                                      :
                                                   :        15 Civ. 3862 (RA)
                                    Plaintiff,      :
                                                   :        ANSWER TO COMPLAINT
                 -against-                          :            AND DEFENSES
                                                   :
FAMILY HOME CARE SERVICES OF                        :
BROOKLYN AND QUEENS, INC., and                     :
THOMAS O'BRIEN                                      :
                                                   :
                                    Defendants.     :
-----------------------------------------------------------X

        Defendant Family Home Care Services of Brooklyn and Queens, Inc. (hereinafter "Defendant" or "Family Home Care"), by and through undersigned counsel, hereby submits its Answer and Defenses to the Complaint of Plaintiff Yvonne Downie (hereinafter "Plaintiff").

        Defendant hereby responds to the allegations of the Complaint and states as follows:

## NATURE OF THE ACTION

        1.      Defendant acknowledges that Plaintiff brings this action on the grounds asserted in paragraph 1 of the Complaint, but denies any violation of laws and denies that Plaintiff is entitled to any of the damages she seeks in paragraph 1 of the Complaint.

        2.      Defendant acknowledges that Plaintiff also brings this action on the grounds asserted in paragraph 2 of the Complaint, but denies any violation of laws and denies that Plaintiff is entitled to any of the damages she seeks in paragraph 2 of the Complaint.

        3.      Defendant acknowledges that Plaintiff also brings this action on the grounds asserted in paragraph 3 of the Complaint, but denies any violation of laws and denies that Plaintiff is entitled to any of the damages she seeks in paragraph 3 of the Complaint.

1

## JURISDICTION AND VENUE

4.     Defendant avers that the allegations contained in paragraph 4 of the Complaint state conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction over Plaintiff's claims.

5.     Defendant avers that the allegations contained in paragraph 5 of the Complaint state conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Defendant admits the allegation contained in paragraph 5 of the Complaint.

6.     Defendant avers that the allegations contained in paragraph 6 of the Complaint state conclusions of law as to which no responsive pleading is required.

## THE PARTIES

7.     Upon information and belief, Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.     Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.     Defendant denies the allegation contained in paragraph 9 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

10.     With respect to the allegations contained in Paragraph 10 of the Complaint, Defendant admits that Plaintiff seeks to allege causes of action on a "collective" basis pursuant to the statute referred to therein, but denies that it has violated any law or statute referred to therein.  Further, Defendant avers that at all relevant times during Plaintiff's employment with Defendant she was lawfully compensated and denies that a collective action is appropriate under the circumstances alleged in the Complaint.

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint.

Further, Defendant avers that at all relevant times during Plaintiff's employment with Defendant she was lawfully compensated and denies that a collective action is appropriate under the circumstances alleged in the Complaint.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint, except admits, upon information and belief, that Plaintiff's counsel is experienced in employment law and class action litigation.

13.     Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of the Complaint.

## CLASS ALLEGATIONS

16.     With respect to the allegations contained in Paragraph 16 of the Complaint, Defendant admits that Plaintiff seeks to allege causes of action on a "class wide" basis pursuant to the statutes referred to therein, but denies that a class action is appropriate under the circumstances alleged in the Complaint.

17.     With respect to the allegations contained in Paragraph 17 of the Complaint, Defendant admits that Plaintiff seeks to allege causes of action on a "class wide" basis pursuant to the statutes referred to therein, but denies that it has violated any laws or statutes referred to therein, including the New York Labor Law, and denies that a class action is appropriate under the circumstances stated in the Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of the Complaint and avers that a class action is inappropriate under the circumstances alleged in the Complaint.

19.     Defendant denies the allegations contained in paragraph 19 of the Complaint and avers that a class action is inappropriate under the circumstances alleged in the Complaint.

20.    Defendant denies the allegations contained in paragraph 20 of the Complaint and avers that a class action is inappropriate under the circumstances alleged in the Complaint.

21.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except avers, upon information and belief, that Plaintiff's counsel is experienced in employment law and class actions litigation.   Defendant further avers that a class action is inappropriate under the circumstances alleged in the Complaint.

22.    Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.    Defendant denies the allegations contained in paragraph 23 of the Complaint.

**STATEMENT OF FACTS**

24.    Defendant denies the allegations contained in paragraph 24 of the Complaint, except admits that Plaintiff Yvonne Downie was employed by Family Home Care as a home health aide from on or about December 18, 2013 until the present.

25.    Defendant denies the allegations contained in paragraph 24 of the Complaint, except admits that Defendant Family Home Care assigned Plaintiff to work as a home attendant for its clients located in New York City.

26.    Upon information and belief, Defendant admits the allegations contained in paragraph 26 of the Complaint.

27.    Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.    Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.    Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.    Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.    Defendant admits the allegations contained in paragraph 31 of the Complaint.

32.     Defendant admits the allegations contained in paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 367 of the Complaint.

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 37 of the Complaint.

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 38 of the Complaint.

39.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 39 of the Complaint.

40.     Defendant admits the allegations contained in paragraph 40 of the Complaint.

41.     Defendant admits the allegations contained in paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint, further stating that during the relevant time period, Defendant employed home attendants, including Plaintiff and others, who were "exempt" employees under the Fair Labor Standards Act's "Companionship Services" exemption and were ineligible for overtime compensation

under New York Labor Law and applicable regulations.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint, further stating that during the relevant time period, Defendant employed home attendants, including Plaintiff and others, who were "exempt" employees under the Fair Labor Standards Act's "Companionship Services" exemption and were ineligible for overtime compensation under New York Labor Law and applicable regulations.

49.     Defendant denies the allegations contained in paragraph 48 of the Complaint, further stating that during the relevant time period, Defendant employed home attendants, including Plaintiff and others, who were "exempt" employees under the Fair Labor Standards Act's "Companionship Services" exemption and were ineligible for overtime compensation or "spread of hours" pay under New York Labor Law and applicable regulations.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**

51.     Defendants re-allege and re-assert their answers and responses to paragraphs 1-50 as if fully set forth herein.

52.     Defendant admits the allegations contained in paragraph 52 of the Complaint.

53.     Defendant admits the allegations contained in paragraph 53 of the Complaint, except denies that "collective action" treatment is appropriate under the circumstances alleged in the Complaint and applicable law.

54.     Defendant admits the allegation contained in paragraph 54 of the Complaint.

55.     Defendant admits the allegation contained in paragraph 55 of the Complaint.

56.     Defendant denies the allegation contained in in Paragraph 56 of the Complaint.

57.     Defendant denies the allegation set forth in paragraph 57 of the Complaint.

58.    Defendant denies the allegation set forth in paragraph 58 of the Complaint.

59.    Defendant denies the allegation set forth in paragraph 59 of the Complaint.

60.    Defendant denies the allegation set forth in paragraph 60 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW**

61.    Defendant re-alleges and re-asserts its answers and responses to paragraphs 1-60 as if fully set forth herein.

62.    Defendant admits the allegations contained in paragraph 62 of the Complaint, except denies that "class action" treatment is appropriate under the circumstances alleged in the Complaint and applicable law.

63.    Defendant denies the allegations contained in paragraph 63 of the Complaint.

64.    Defendant denies the allegations contained in paragraph 64 of the Complaint.

65.    Defendant denies the allegations contained in paragraph 65 of the Complaint.

66.    Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.    Defendant denies the allegations contained in paragraph 67 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**New York Labor Law – Breach of Contract**

68.    Defendant re-alleges and re-asserts its answers and responses to paragraphs 1-67 as if fully set forth herein.

69.    Defendant denies the allegations contained in paragraph 69 of the Complaint.

70.    Defendant denies the allegations contained in paragraph 70 of the Complaint.

71.    Defendant denies the allegations contained in paragraph 71 of the Complaint.

72.    Defendant denies the allegations contained in paragraph 72 of the Complaint.

73.    Defendant denies the allegations contained in paragraph 73 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**New York Labor Law – UNJUST ENRICHMENT**

74.     Defendant re-alleges and re-asserts its answers and responses to paragraphs 1-73 as if fully set forth herein.

75.     Defendant denies the allegations contained in paragraph 75 of the Complaint.

76.     Defendant denies the allegations contained in paragraph 76 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**New York Labor Law – QUANTUM MERUIT**

77.     Defendant re-alleges and re-asserts its answers and responses to paragraphs 1-76 as if fully set forth herein.

78.     Defendant admits the allegations contained in paragraph 78 of the Complaint.

79.     Defendant denies the allegations contained in paragraph 79 of the Complaint.

80.     Defendant denies the allegations contained in paragraph 80 of the Complaint.

**PRAYER FOR RELIEF**

81.     Defendant deny that Plaintiff is entitled to the relief sought in the WHEREFORE clause following paragraph 80 of the Complaint.

# DEFENSES

## TO THE COMPLAINT AS A WHOLE

Defendant denies each and every allegation, and all possible inferences from each and every allegation, that is not expressly admitted in this Answer.

## FIRST DEFENSE

Plaintiff has failed to state a claim for which relief may be granted against Defendants.

## SECOND DEFENSE

Defendant at all times relevant to this action acted in good faith and in the reasonable belief that its conduct did not violate the Fair Labor Standards Act or the New York Labor Law or any other applicable laws or contracts.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH DEFENSE

To the extent Plaintiff and any other alleged similarly situated individual (the existence of whom Defendant expressly denies) seek wages allegedly owed more than two years from the filing of this lawsuit, portions of their claims are barred by the two-year statute of limitations found at 29 U.S.C. § 255(a) of the Portal to Portal Act.  The statute of limitations bars in whole or in part any claims, causes of action, and damages alleged in the Complaint occurring more than two years prior to the filing of the Complaint.

## FIFTH DEFENSE

 Plaintiff performed companionship services for individuals who (because of age or infirmity) were unable to care for themselves" and is therefore "exempt" from the minimum wage and overtime provisions of the Fair Labor Standards Act pursuant to 29 U.S.C. § 213 (a)(15).

## SIXTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff and the members of the putative Collective/Class she seeks to represent consented to the actions complained of to the extent, if any, they occurred.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by § 4 of the Portal to Portal Act, 29

U.S.C. § 254(a), to the extent that Plaintiff seeks relief for non-compensable activities under the Act.

## EIGHTH DEFENSE

Plaintiff cannot show that she and other alleged similarly situated individual (the existence of whom Defendant expressly denies) worked overtime hours without proper compensation, and that Defendant had knowledge or should have had knowledge of their alleged overtime work.

## NINTH DEFENSE

Plaintiff and the putative Collective/Class members are not entitled to damages to the extent they failed to mitigate their alleged damages.

## TENTH DEFENSE

If Plaintiff or any putative Collective/Class member sustained any injury, damages or loss by reason of any act, error or omission on the part of Defendant, said injury, damage or loss must be reduced or set-off on the basis of comparative fault or negligence of Plaintiff, putative class members, or other third parties, which contributed to and proximately caused any such injury, damage or loss.

## ELEVENTH DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrines of avoidable consequences, laches, and/or waiver.

## TWELFTH DEFENSE

Plaintiff and putative Collective/Class members are entitled to a jury trial only as to those issues at law for which a jury trial is permitted under federal and/or New York State law. Further, the issue of liquidated damages is for the Court and not a jury.

**THIRTEENTH DEFENSE**

Certain of the interests of the putative class members are in conflict with the interests of Plaintiff and/or all or certain possible sub-groups of the putative Class members.

**FOURTEENTH DEFENSE**

Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Fed. R. Civ. P. 23 and, therefore, the class certification allegations of the Complaint should be stricken and/or dismissed.

**FIFTEENTH DEFENSE**

The putative Class action cannot proceed pursuant to Fed. R. Civ. P. 23 because the putative Class members are not similarly situated.

**SIXTEENTH DEFENSE**

Plaintiff cannot show that class treatment of the purported claims alleged in the Complaint is superior to other methods of adjudicating the controversy.

**SEVENTEENTH DEFENSE**

The types of claims alleged by Plaintiff on behalf of putative Collective/Class members are matters in which individual questions predominate and thus are not appropriate for collective or class treatment.

**EIGHTEENTH DEFENSE**

The claims alleged by Plaintiff are neither common to nor typical of those of the alleged putative Collective/Class members.

**NINETEENTH DEFENSE**

If Plaintiff proves that Defendant violated the FLSA either by actions or omissions, which Defendant specifically denies, such actions or omissions were not willful or reckless, but rather were in good faith and based upon a reasonable belief that such actions or omissions were

not a violation of the FLSA.  Defendant did not know, or show reckless disregard, for whether its conduct complied with the FLSA.  Thus, a three-year statute of limitations (FLSA) would not be warranted.

### TWENTIETH DEFENSE

The putative Class members are not so numerous that joinder is impracticable.

### TWENTY-FIRST DEFENSE

The Complaint, and each claim purported to be alleged therein, cannot proceed as a collective/class because difficulties likely to be encountered that render the action unmanageable.

### TWENTY-SECOND DEFENSE

Plaintiff's claims, or any alleged similarly situated employee's claims (the existence of whom Defendant expressly denies), may be barred by the equitable doctrine of estoppel and unclean hands if Plaintiff or any alleged similarly situated employee engaged in unauthorized or not approved overtime for which they seek compensation in this lawsuit, engaged in conduct that resulted in payment for work they did not perform, engaged in conduct in which they paid twice or more times for the same work, intentionally falsified their timecards, improperly reported or recorded their work hours and/or intentionally concealed off-the-clock or other improper activities from Defendant.

### TWENTY-THIRD DEFENSE

Any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiff, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are *de minimis* and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47, and the New York Labor Law.

## TWENTY-FOURTH DEFENSE

Defendant, a not-for-profit corporation formed under New York law, is exempt from overtime coverage under the Minimum Wage Order applicable to Miscellaneous Industries, consistent with New York Labor Law Section 652(3)(b).

## TWENTY-FIFTH DEFENSE

The Complaint fails to state a claim(s) upon which prejudgment interest may be granted.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to satisfy the grievance procedures contained in applicable collective bargaining agreements.

## TWENTY-SEVENTH DEFENSE

Defendant reserves the right to modify and supplement its defenses and to plead additional defenses to the claims of Plaintiffs based upon such facts and circumstances as become known to Defendant subsequent to the date hereof.

**WHEREFORE**, Defendant prays for judgment as follows:

1.      That judgment be entered in favor of Defendant and against Plaintiff and that the Complaint be dismissed with prejudice;

2.      That Defendant be awarded costs of suit herein;

3.      That Defendant be awarded reasonable attorneys' fees as may be determined by the Court; and

4.      For such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
       October 2, 2015

Respectfully submitted,

FORDHARRISON LLP


By:  /S/ *Philip K. Davidoff*

    Philip K. Davidoff
    100 Park Avenue, Suite 2500
    New York, New York  10017
    Phone:  212. 453. 5900
    Fax:  212. 453. 5959

    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 2, 2015, I electronically filed the foregoing Answer to Complaint and Defenses with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

LAW OFFICE OF WILLIAM COUDERT RAND
William C. Rand, Esq.
488 Madison Ave, Suite 1100
New York, NY  10022


_____/S/_____
Philip K. Davidoff